**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcella Fox, | No. CV-21-01089-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

**I.**

Plaintiff Marcella Fox commenced this action against the State of Arizona, Jason McClelland, and certain current and former executive officials with the Arizona Department of Corrections, Rehabilitation and Reentry ("ADOC").

Ms. Fox was employed by a third-party contractor and worked as a nurse at the Arizona State Prison Complex in Florence, Arizona. (Doc. 1-4 at 2 ¶ 2.) Her Complaint alleges that McClelland, a corrections officer formerly employed by ADOC at the same facility, sexually assaulted her. (*Id.* at 7–9 ¶¶ 44–66.)

The Complaint also alleges a single claim for relief against Movants, contending that they knew of, ratified, and/or acquiesced in "policies, customs, and practices" that fostered and concealed sexual harassment. (*Id.* at 7 ¶¶ 42–43, 16–17 ¶¶ 3–12.) It further alleges that the Movants had prior knowledge of McClelland's "propensity for inappropriate sexual behavior toward female prison employees." (*Id*. at 16 ¶ 4.)

Now before the Court is the Motion to Dismiss filed by Defendants Van Winkle,

the facility's warden; Ryan, who was, until his retirement in 2019, the ADOC director; and Shinn, the current director (collectively "Movants"). (Doc. 9.) Neither party requested oral argument. The Motion will be granted with leave to amend.

## II.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Court must accept material allegations in a complaint as true and construe them in the light most favorable to the plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581.

## III.

### A.

The Complaint does not assert a single allegation against the Movants that is not conclusory. For example, the allegation that Movants "knew that Defendant McClelland had a propensity for inappropriate sexual behavior toward female prison employees" is conclusory. (Doc. 1-4 at 16 ¶ 3.) There are no specific allegations that any of the Movants even knew of McClelland as an employee, let alone knew of his behavior. Moreover, the allegations that "supervisors and command staff" at the Florence facility "turn[ed] a blind eye" to sexual harassment, thus "creat[ing] an atmosphere . . . without consequences" is

completely unsupported by facts. (*Id.* at 16 ¶ 5.)

The Court's decision is the same regarding the Complaint's remaining allegations against Movants. They are simply unsupported conclusions, entirely devoid of any supporting facts.

The Complaint need not tell a detailed story, but it must at least allege *some facts* enabling the Movants to understand the allegations against them. The Complaint does not do so. Instead, the Movants (and the Court) are left guessing as to how they could have known about McClelland's alleged behavior and how they could have fostered the abusive environment that the Complaint alleges exists at the Florence prison. Stated simply, the exclusive use of conclusory allegations does not suffice under *Twombly* and *Iqbal*.

### B.

The Motion also argues that the Movants should be dismissed under the doctrine of qualified immunity. The Court will defer ruling on this issue pending the filing of an amended complaint, which may assert facts material to the qualified immunity determination.

### IV.

Accordingly, **IT IS ORDERED**:

1. The Motion (Doc. 9) is **granted in part and denied in part**. As to Defendants Van Winkle, Ryan, and Shinn, the Complaint is dismissed under Fed. R. Civ. P. 12(b)(6). To the extent the Motion moves for dismissal based on qualified immunity, it is denied without prejudice and may be refiled in response to an amended complaint.

2. Should Plaintiff opt to file an amended complaint, it must be filed no later than **Friday, February 4, 2022**.

Dated this 21st day of January, 2022.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge