Kristin K. Mayes
Attorney General

Michael K. Goodwin, Bar No. 014446
Assistant Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7674
Facsimile: (602) 542-7644
Michael.Goodwin@azag.gov
Attorneys for State Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marcella Fox, | Case No: 2:21-cv-01089-MTL |
| Plaintiff, | **NOTICE OF LODGING EXHIBITS UNDER SEAL** |
| vs. | |
| State of Arizona, et al., | |
| Defendant. | |

Pursuant to LRCiv 5.6(d), Defendants State of Arizona and Jeffrey Van Winkle (collectively, "the State") hereby give notice that they have lodged under seal two exhibits to their summary judgment motion. The exhibits contain limited excerpts from two depositions that Plaintiff designated as confidential pursuant to the Protective Order. (Doc. 24.) The parties have conferred but are unable to agree on the issues relating to the filing of these exhibits. The State believes the exhibits contain testimony regarding matters that were already made public and that they should be treated the same as other evidence submitted on the motion for summary judgment. Because Plaintiff had designated the depositions confidential, the State requested Plaintiff's consent to use the exhibits containing excerpts from the depositions. Plaintiff refused to consent but does not oppose filing them under seal. In sum, the parties disagree as to whether the lodged exhibits should be filed under seal.

The exhibits in question are Exhibits 22 and 23 to the State's summary judgment motion. Exhibit 22 consists of nine pages from the deposition of Brittney Fountain.

Exhibit 23 consists of five pages from the deposition of Kysha Slocumb. Fountain and Slocumb have been disclosed as potential witnesses by all parties. Plaintiff alleges and plans to offer proof that McClelland subjected Fountain and Slocumb to unwanted sexual contact. Fountain and Slocumb made such allegations in their own lawsuits. *See Fountain v. State*, CV21-00356-PHX-JJT; *Slocumb v. McClelland*, CV21-01912-PHX-DWL.

At the conclusion of each of their depositions, Plaintiff's counsel said on the record that she was going to move to seal the depositions. She later instructed the court reporter to label the transcripts "attorney eyes only." Construing that as a designation of confidential information under the Protective Order, the State through counsel requested Plaintiff's consent to file excerpts of the deposition in connection with the summary judgment motion. Plaintiff withheld consent but advised that Plaintiff would not oppose a motion to file them under seal. In light of Plaintiff's position, and believing that filing under seal was the only mechanism available at that point for submitting depositions that had been designated confidential, the State filed an unopposed motion to file the exhibits under seal. (Doc. 135.) This Court denied the motion without prejudice for failure to comply with LRCiv 5.6. (Doc. 137.)

Under LRCiv 5.6(b), "Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal...." An examination of relevant authority reveals that filing documents under seal is strongly disfavored. Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 585, 597 (1978). The Ninth Circuit has recognized a "strong presumption of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir.

2

2006). The "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id*. at 1179. "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014).

Faced with the prospect of "articulat[ing] compelling reasons" to file Exhibits 22 and 23 under seal, the State concluded it could not do so. Those exhibits are part of a summary judgment motion. The limited excerpts from the depositions of Fountain and Slocumb in the exhibits largely track allegations made in their publicly filed pleadings. For example, the deposition testimony of Fountain and Slocumb that they did not report any interactions with McClelland parallels allegations in their lawsuit that they did not make any report. *See Fountain*, Case No. 2-21-cv-00356-JJT (Doc. 45, ¶ 49); *Slocumb*, Case No. 2-21-cv-01912-DWL (Doc. 1, ¶ 59). The exhibits are not a vehicle for any improper purpose. *See Kamakana*, 447 F.3d at 1179.

The State continued to confer with Plaintiff about using the Fountain and Slocumb deposition exhibits.[1] The State questioned the appropriateness of filing the documents under seal, and renewed the request for Plaintiff's consent to use the exhibits without filing them under seal. Plaintiff identified three pages of Exhibit 22 (Fountain) that Plaintiff thought contained testimony outside the scope of the deposition. To address Plaintiff's concern, the State informed Plaintiff that it would remove one of the three pages and redact the referenced testimony on the other two pages. The portions of testimony that Plaintiff expressed concern about have been removed or redacted from Exhibit 22. However, Plaintiff has still withheld consent.

---

[1] The State also sent an email to Fountain and Slocumb's attorney, who joined in the motion to seal their depositions, seeking her consent to use Exhibits 22 and 23. The received an automatically generated reply that Ms. Bertrand was out of the office and no further reply.

Exhibits 22 and 23 should not be sealed. Those exhibits are part of a summary judgment motion and they contain testimony on matters in the public record. There is no compelling reason to file the exhibits under seal.

RESPECTFULLY SUBMITTED this 29th day of March, 2023.

                                        Kristin K. Mayes
                                        Attorney General

                                        s/ Michael K. Goodwin
                                        Michael K. Goodwin
                                        Assistant Attorney General
                                        Attorneys for State Defendants

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which generates a Notice of Filing to the following CM/ECF registrants on this 29th day of March, 2023:

Anne E. Findling
Lauren E. Channell
ROBBINS & CURTIN, PLLC
301 East Bethany Home, #B-100
Phoenix, Arizona 85012
anne@robbinsandcurtin.com
lauren@robbinsandcurtin.com
Attorneys for Plaintiff

Georgia A. Staton
Ravi V. Patel
JONES, SKELTON & HOCHULI P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
gstaton@jshfirm.com
rpatel@jshfirm.com
Attorneys for Defendant Jason McClelland

Joy Bertrand, Esq.
P.O. Box 2734
Scottsdale, Arizona 85252-2734
joy@joybertrandlaw.com
Attorney for Fountain and Slocumb

s/ Michelle Cruz
#1112714