**Joy Bertrand, Esq.**
PO BOX 2734
SCOTTSDALE, AZ 85252-2734
TELEPHONE (602)-374-5321
FACSIMILE (480) 361-4694


Joy Bertrand, AZ Bar # 024181
*Attorney for Victim/Witness*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Marcella Fox,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>State of Arizona, *et al.*,<br><br>　　　　　　Defendants. | Case No.　CV-21-1089<br><br>**MEMORANDUM REGARDING THE STATE'S NOTICE OF FILING OF DOCUMENTS UNDER SEAL** |

NOW COME Brittney Fountain and Kysha Slocumb, by their attorney, Joy Bertrand, to submit their Response to the State's Notice of Filing Documents Under Seal (ECF Doc. 138). They further submit the following:

The State's "notice" appears to be a back-handed attempt to ask this Court to unseal the excerpts of Ms. Fountain's and Ms. Slocumb's depositions. The State filed a notice, rather than a proper motion to unseal the documents, but still argues within this its Notice that the deposition excerpts should be part of the public record. Ms. Fountain and Ms. Slocumb join the Plaintiff in urging the Court to maintain under seal the excerpts of their respective depositions. (See ECF 141)

As the Plaintiff notes, the Defense's depositions of Ms. Fountain and Ms. Slocumb went far beyond the strict limits set by the Court. The Defense apparently interpreted the Court's ruling that the Defense could ask these third parties about "The specific facts underlying their allegations against Defendant McClelland; [and] 2. Statements made to investigators during the ADC's investigation of Defendant McClelland's alleged misconduct, including any documents that incorporate those statements" as open season to ask these two women about sensitive issues surrounding McClelland's sexual assaults of them – all under the argument of "we need to know what happened."

The Defense did not need to know the specific details of McClelland's assaults of them. The Defense did not need to re-traumatize both of these women, by showing them photos of the locations where the assaults occurred. Yet, it did exactly that.

Both of these two victims of McClelland have already experienced difficulty with job searches and in their personal lives. When prospective employees conduct background checks, their lawsuits are easily found online. A simple Google name search tells any potential romantic partner her own story of being assaulted by McClelland. This Court need not add to this online detail by unsealing their deposition excerpts.

The Defense's conduct during Ms. Fountain's and Ms. Slocumb's depositions already fits the definition of retaliation for protected EEO conduct. A reasonable

2

employee could be deterred from participating in protected EEO conduct, if they know that, as a *witness* – not a plaintiff --  the employer and the attacker will delve in to the most intimate details of their experience.[1]

Ms. Fountain and Ms. Slocumb sat for their depositions, trusting that the Defense would honor this Court's order.  To unseal their deposition transcripts would further traumatize these witnesses and further deter reasonable Department of Corrections employees from reporting on-the-job sexual assaults in the future.

RESPECTFULLY SUBMITTED this Tenth day of April, 2023.

By:     /s/Joy Bertrand

Joy Bertrand
*Attorney for Kysha Slocumb*

**ORIGINAL** of the foregoing filed via ECF
this Tenth day of April, 2023.

Copy of the foregoing motion
served via electronic service this Tenth day of April, 2023:

Anne Findling
Attorney for Plaintiff Marcella Fox

Georgia Staton
Attorney for Defendant Jason McClelland

Michael Goodwin
Attorney for Defendant State of Arizona

By:     /s/Joy Bertrand

---

[1] *Burlington Northern Santa Fe Ry. Co. v. White*, 548 U.S. 53 at 69-69 (2006).