**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcella Fox, | No. CV-21-01089-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendant. | |

Before the Court is Plaintiff's Objection to Defendants' Bill of Costs (Doc. 192), to which Defendant McClelland filed a Reply in Support of Bill of Costs (Doc. 193). The Court rules as follows.

**I.    BACKGROUND**

In 2022, Plaintiff filed an Amended Complaint (Doc. 33) alleging claims for assault, battery, false imprisonment, intentional infliction of emotional distress, negligence, and violation of equal protection under Section 1983 against the State of Arizona, Jason McClelland, and Jeffrey Van Winkle. The claims arose out of Plaintiff's allegation that Defendant McClelland sexually assaulted her while they were both employed at the Arizona Department of Correction, Rehabilitation, and Reentry prison facility. (*Id.* ¶¶ 107-52.)

On July 3, 2023, the Court dismissed Plaintiff's claims of assault and battery, false imprisonment, and intentional infliction of emotional distress against Defendant State of Arizona. (Doc. 165.) On November 7, 2023, the Court entered summary judgment in favor

of Defendants, thereby dispensing with Plaintiff's sole surviving claims. (Doc. 177.) Defendant McClelland then filed a bill of costs totaling $9,850.64 and Defendants State of Arizona and Van Winkle filed a joint bill of costs totaling $6,763.45. (Docs. 181, 183.) On December 4, 2023, Plaintiff filed objections to the bill of costs. (Doc. 192.) Defendant McClelland replied on December 11, 2023. (Doc. 193.)

## II.     LEGAL STANDARD

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax several classes of enumerated costs. Taxable costs include:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under 28 U.S.C. § 1923; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

28 U.S.C. §1920.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), authorized costs "should be allowed to the prevailing party unless a court, federal statute, or the federal rules otherwise direct." Thus, "the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). But the "discretion is not unlimited." *Id.* Therefore, "[a] district court must specify reasons for its refusal to award costs." *Id.* (cleaned up). The requirement to "give reasons for denying costs is, in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id.* at 593.

Appropriate reasons for denying costs include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48. These indicators are "not an exhaustive list of good reasons for

declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (cleaned up). Ultimately, the losing party bears the burden of demonstrating why costs should not be awarded to the prevailing party. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

## III. ANALYSIS

### A. Taxable Costs

#### 1. Substantial Public Importance

The Ninth Circuit has found substantial public importance in cases that carry implications beyond the immediate parties involved. For instance, in *Association of Mexican-American Educators*, plaintiffs raised an issue of substantial public importance because "the action affect[ed] tens of thousands of Californians and the state's public school system as a whole." 231 F.3d at 593. Similarly, in *Escriba*, the court noted evidence suggesting that the plaintiff's claim under the Family and Medical Leave Act was of the type that could "establish the parameters of what constitutes sufficient employee notice" and furthermore "potentially had a much broader application to the workplace" 743 F.3d at 1248 (cleaned up).

Plaintiff asserts that she brought her claim in part to "prevent others working in Arizona prisons from experiencing sexual harassment in the workplace." (Doc. 192 at 7.) The prevention of such wrongs is, of course, important. But Plaintiff's claims lack the sort of far-reaching implications evident in *Association of Mexican-American Educators* and *Escriba* necessary to invoke an issue of substantial public importance.

In a similar case, an employee of a Florida jail filed civil rights claims against her employer stemming from allegations of sexual harassment. *Valdez v. Miami-Dade Cnty., Fla.*, No. 19-20647-CIV, 2020 WL 6140472, at *1 (S.D. Fla. June 23, 2020), report and recommendation adopted sub nom. *Valdez v. Miami-Dade Cnty.*, No. 19-20647-CIV, 2020 WL 6114879 (S.D. Fla. July 16, 2020). Having prevailed at the summary judgment stage, the defendant sought costs pursuant to Fed. R. Civ. P. 54(d)(1). *Id.* The District Court, considering Ninth Circuit law, rejected the plaintiff's argument that her status as a female

employee working in the jail system "should be deemed of high public importance to rebut the presumption favoring costs." *Id.* at *2. Noting that the issues raised in *Association of Mexican-American Educators* concerned "vital civil rights for women in the workplace" the court found that, by comparison, the plaintiff provided no "compelling reason to deny Defendant's rightful award of costs in a straightforward employment case that had little consequences outside of the immediate parties involved." *Id.*

Here, Plaintiff's claims carried some potential to affect the practices of Arizona prisons. But the same could be said anytime a claim of a similar nature is brought against a government employer. Absent a clearer demonstration that the outcome of Plaintiff's claims carried wider consequences for the public, Plaintiff's claims do not exceed the bounds of a controversy between the involved parties. *See Mosavi v. Mt. San Antonio Coll.*, No. LACV-15-04147-VAP-AFMX, 2018 WL 6219864, at *3 (C.D. Cal. Nov. 15, 2018) ("[T]his case amounted to a dispute between two people about whether sexual assault, religious harassment, retaliation, and violence took place. Although every case alleging a potential civil rights violation is important, the present case is not 'extraordinary' as defined by the Ninth Circuit."). Thus, this factor weighs against Plaintiff.

**2.     Closeness and Difficulty of the Issues**

Courts have found close and difficult issues under a variety of circumstances. For instance, a party may have raised an issue of first impression within a Circuit. *See e.g., Mansourian v. Bd. of Regents of Univ. of California at Davis,* 566 F. Supp. 2d 1168, 1172 (E.D. Cal. 2008). A case may be close and difficult because it necessarily turns on a close factual or legal determination. *See e.g., Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016); *Escriba*, 743 F.3d at 1248. Surviving summary judgment, though not determinative, is also evidence of a close and difficult issue. *Compare Economus v. City & Cnty. of San Francisco*, No. 18-CV-01071-HSG-DMR, 2019 WL 3293292, at *3 (N.D. Cal. July 5, 2019), report and recommendation adopted, No. 18-CV-01071-HSG, 2019 WL 3290761 (N.D. Cal. July 22, 2019) (noting that "[t]he fact that Defendants prevailed at the summary judgment stage does not mean the issues presented were not close or difficult") *with*

*Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-GMS, 2022 WL 504474, at *2 (D. Ariz. Feb. 18, 2022) (concluding that the "case was far from an easy one" because "[t]he litigation lasted for the better part of a decade, and several of Plaintiff's claims survived motions to dismiss, for judgment on the pleadings, and for summary judgment").

Here, Plaintiff's claims did not raise an issue of first impression within the Ninth Circuit. *See e.g.*, *Mansourian*, 566 F. Supp. 2d at 1172. And ultimately, Plaintiff's last surviving claims were defeated at summary judgment. (Doc. 177.) The Court finds that Plaintiff's claims were far from frivolous, and she pursued them in a good faith effort to vindicate her rights. But her claims did not raise especially close and difficult issues such that this is an extraordinary case. Thus, this factor weighs against Plaintiff.

### 3. Chilling Effect

Plaintiff argues that awarding costs in this case will create a chilling effect preventing future civil rights litigants from pursuing similar cases. (Doc. 192 at 5.) Defendant McClelland counters that an allegation of sexual assault or harassment is not by itself a basis to deny costs and moreover that the amount of costs at stake is insufficient to deter future litigants. (Doc. 193 at 6.)

Litigation is not without its risks and "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Yet the Ninth Circuit recognizes a countervailing policy to not unduly discourage "civil rights litigants who are willing to test the boundaries of our laws." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999). While Plaintiff's claims failed, it is possible that others could bring facially similar yet viable claims. Awarding costs in an unsuccessful but non-frivolous claim could cause these individuals to hesitate to bring their own meritorious claims. It is true that the costs Defendants seek are not extraordinarily high. *Cf. Ass'n of Mexican-Am. Educators*, 231 F.3d 572, at 591, 593 (concluding that costs in the amount of $216,443.67 were "extraordinarily high"). But "even modest costs can discourage potential plaintiffs who . . . earn low wages." *Escriba*, 743 F.3d at 1249. Given that government employees earning modest salaries are those most likely to bring claims similar to Plaintiff's, this is

an especially relevant consideration. Thus, this factor weighs in favor of Plaintiff.

### 4. Plaintiff's Limited Financial Resources

"Costs are properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed." *Escriba*, 743 F.3d at 1248 (quoting *Stanley v. Univ. of S. Cal.*, 179 F.3d 1079, 1080). A plaintiff seeking to avoid paying costs is not required to "provide any evidence of her financial situation, but she does have the burden of demonstrating that [the] general presumption in favor of Defendants' costs does not apply." *Greene v. Buckeye Valley Fire Dep't*, No. CV-11-02351-PHX-NVW, 2013 WL 12160997, at *1 (D. Ariz. July 16, 2013). Furthermore, a plaintiff's mere declaration of financial hardship may be insufficient to carry the burden. *Id.*

Plaintiff argues that requiring her to pay Defendants' costs would create a significant financial hardship for her. (Doc. 192 at 4.) She states that she has faced a period of unstable employment since the events underlying the subject litigation and consequently "lost approximately $28,510.82 in wages or reduced earnings between July 2020 and February 2022." (*Id.* at 5.)

Although bearing Defendants' costs may financially strain Plaintiff, she has not demonstrated that paying such costs would render her indigent. Accordingly, this factor weighs against Plaintiff.

### 5. Economic Disparity Between the Parties

To support her contention that she should not have to pay Defendants' costs, Plaintiff points to the vast economic disparity between her and the State of Arizona. (Doc. 192 at 5.) Defendant Van Winkle was represented by the State of Arizona and these two Defendants filed a joint bill of costs. (Doc. 183.) Moreover, Plaintiff asserts that Defendant McClelland's costs were paid by the State, an assertion which Defendant McClelland did not contest. (Doc. 192 at 5; Doc. 193.) "[B]y failing to address arguments in an opposition, a party effectively concedes a claim." *Thompson v. Isagenix Int'l, LLC*, No. CV-18-04599-PHX-SPL, 2020 WL 1432840, at *4 (D. Ariz. Mar. 24, 2020), aff'd, 849 F. App'x 712 (9th Cir. 2021), and aff'd, 849 F. App'x 712 (9th Cir. 2021) (citing *Jenkins v. County of*

*Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)). Thus, the Court considers the State of Arizona's resources for the purposes of assessing economic disparity between parties.

As a general principle, "financial disparity almost always exists between individual plaintiffs litigating against . . . large defendants such as corporations or governments." *Van Horn v. Dhillon*, No. 08-CV-01622-LJO-DLB, 2011 WL 66244, at *4 (E.D. Cal. Jan. 10, 2011). Accordingly, "disparity alone is insufficient to overcome the presumption in favor of awarding costs." *Ayala v. Pac. Mar. Ass'n*, No. C08-0119-TEH, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011).

Nevertheless, disparity is a consideration. Undoubtedly, there is a substantial economic disparity between Plaintiff and the State. This factor weighs in favor of Plaintiff.

Overall, however, Plaintiff has failed to demonstrate that this is an extraordinary case such that Defendants should be denied their costs outright. Yet the Court recognizes the potential chilling effect that awarding costs may produce, as well as the economic disparity between parties. These factors are sufficient to warrant a reduction in costs. *See Cornfield v. Pickens*, No. CV-16-00924-PHX-ROS, 2018 WL 8262770, at *3 (D. Ariz. Mar. 22, 2018), *aff'd sub nom. Cornfield v. Thompson*, 765 F. App'x 387 (9th Cir. 2019) (reducing costs in a meritless claim solely because plaintiffs had limited financial means and awarding over twenty-thousand dollars in costs "would have a disproportionate chilling effect on civil rights litigants"). As discussed above, the costs involved here are not extraordinary but still sufficient to deter similarly positioned litigants from pursuing similar claims. Reducing costs is an appropriate measure to "strike[] the proper balance between the presumption in favor of awarding [a prevailing party's] costs and the discretionary factors" militating against granting costs. *Magdaluyo v. MGM Grand Hotel, LLC*, No. 2:14-CV-01806-APG-GWF, 2018 WL 3429684, at *4 (D. Nev. July 16, 2018). In this instance, the Court finds that reducing the Defendants' costs by 50% strikes the appropriate balance.

### B. Insufficient Documentation

Plaintiff additionally argues that Defendants violated LRCiv. 54.1 by failing to

- 7 -

include sufficient documentation to support some taxable costs. (Doc. 192 at 1-3.) Specifically, Plaintiff claims that Defendants failed to support their claim of $539.10 as the cost for obtaining Defendant Van Winkle's deposition transcript because the supporting .pdf file containing the invoice is illegible. (*Id.*) In addition, Plaintiff takes issue with Defendants' claim of docket fees, for which documentation was not provided. (*Id.* at 3.)

Taxable costs are recoverable "'with strict compliance' to the Federal Rules of Civil Procedure Rule 54(d)(1), Local Rules of Civil Procedure Rule 54.1(a), and 28 U.S.C. section 1920." *Felix v. Pic-N-Run, Inc.*, No. CV-09-8015-PCT-JAT, 2012 WL 551645, at *5 (D. Ariz. Feb. 21, 2012). LRCiv. 54.1(a) requires a party to file a bill of costs within fourteen days of entry of final judgment. The bill of costs "shall include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached." LRCiv. 54.1(a). Plaintiff is correct that the referenced .pdf file appears to be damaged and therefore is impossible to read. As a result, the transcript costs are not properly supported with documentation. Furthermore, Defendants State of Arizona and Van Winkle failed to remedy the defect within the fourteen-day period allotted to claim costs. Thus, Defendants did not strictly comply with the local rules. Therefore, the Court will strike the $539.10 claimed for obtaining Defendant Van Winkle's deposition transcript from Defendants' taxable costs.

The $5 docket fee at issue is set by statute. *See* 28 U.S.C. §1923(a). Defendants are not required to attach additional documentation. Thus, the docket fee is properly claimed.

Accordingly, Defendants State of Arizona and Van Winkle will be awarded $3,112.18 to reflect the elimination of the ineligible transcript cost and the 50% reduction while Defendant McClelland will be awarded $4,925.32 in accordance with the 50% reduction also applicable to his costs.

….

….

….

V. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection to Defendants' Bill of Costs (Doc. 192) is **sustained in part and overruled in part**.

**IT IS FURTHER ORDERED** that the Court awards Defendants State of Arizona and Van Winkle $3,112.18 in costs and Defendant McClelland $4,925.32 in costs.

Dated this 28th day of March, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge